IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

```
                    F I L E D
          UNITED STATES DISTRICT COURT
              DENVER, COLORADO

                  OCT 02 2023

              JEFFREY P. COLWELL
                      CLERK
```

Civil Action No. __1:23-cv-01852-SBP__
(To be supplied by the court)

__ALEX COLEMAN_____, Plaintiff

v.

__UNITED STATES OF AMERICA_____,

_____,

_____,

_____, Defendant(s).

Jury Trial requested:
(please check one)
__XX__ Yes ____ No

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

**AMENDED    PRISONER COMPLAINT**

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A.  PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Alex Coleman 28929-009, FCI Texarkana, P.O. Box 7000, Texarkana, TX 75505
(Name, prisoner identification number, and complete mailing address)

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____  Pretrial detainee
____  Civilly committed detainee
____  Immigration detainee
____  Convicted and sentenced state prisoner
XXX   Convicted and sentenced federal prisoner
____  Other: (*Please explain*) _____


B.  DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:  United States of America, c/o U.S. Attorney
             (Name, job title, and complete mailing address)

             1801 California Street, Suite 1600, Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes  xx  No (*check one*). Briefly explain:

The United States is being sued for the actions of its

employees while acting in their official capacity.

Defendant 1 is being sued in his/her ___ individual and/or XX official capacity.

Defendant 2: _____
(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 2 is being sued in his/her ___ individual and/or ___ official capacity.

Defendant 3: _____
(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.

C. **JURISDICTION**

*Indicate the federal legal basis for your claim(s): (check all that apply)*

____ State/Local Official (42 U.S.C. § 1983)

____ Federal Official
As to the federal official, are you seeking:
____ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
____ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

XXX Other: (*please identify*) 28 U.S.C. § 2671 et seq.

3

**D.     STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE   The USA breached its duty to provide adequate medical care.

Claim one is asserted against these Defendant(s):


Supporting facts:

On April 12, 2017, the plaintiff, Alex Coleman, was an inmate confined at the Federal Correctional Institution in Englewood, Colorado (FCI Englewood).

At approximately 11:00 a.m. Plaintiff passed out on the floor of his room while performing a physical workout routine with his roommate, Stevies Lindsey ("Lindsey"), regaining consciousness after a few minutes.

During the ensuing fifteen (15) minutes, during which time Plaintiff took a shower, he felt like an elephant was sitting on his chest, he was unable to catch his breath due to heavy cheat pressure, and he was feeling dizzy.

Plaintiff made his was to the Correctional Officer's Station and spoke with Officer D'Acci (FNU), relaying to her the fainting incident and expressing his current state of dizziness and shortness of breath.

Officer D'Acci placed a call while Plaintiff stood at her station and, although Plaintiff could hear the officer's side of the conversation, apparently spoke with Nurse Masterson in the Medical Department.
(Additional paper is attached.)

Once the call was completed, Officer D'Acci advised that the nurse declined to see him in person and suggested instead that the Plaintiff should drink water and lay down.

Plaintiff cannot say with certainty wheather the advice came from the nurse or the correctional officer.

When Plaintiff returned to his cell, after drinking water as instructed by Officer D'Acci, his symptoms continued and were compounded by abdominal pain.

At some time between 7:00 and 8:00 p.m., Plaintiff vomited in his cell, passed out, and fell unconscious for approximately five (5) minutes.

Lindsey ran to the correctional officer's station and informed Officer Goodman (FNU) of Plaintiff's condition.

Officer Goodman accompanied Lindsey to the cell, viewed the situation, and contacted Lieutenant Hess (FNU).

After assessing the condition of both the Plaintiff and the cell, Lt. Hess moved Plaintiff to a cell in the medical department where he could be observed by a staff member.

Because there were no medical personnel on the premises at the time, Lt. Hess stepped away from Plaintiff and returned a short time later, stating that he had placed a call to the on-call medical provider and was waiting for his call to be returned.

A short time later, Lt. Hess returned and stated that he had spoken with the on-call medical provider, that the medical provider had declined to examine the Plaintiff, and that the Plaintiff should drink water, get some rest, and try to make sick call in the morning.

The Plaintiff cannot say with certainty whether the advice came from a medical provider or the lieutenant himself.

D. STATEMENT OF CLAIMS          (i)

Ten minutes later, with symptoms of nausea, dizziness, and abdominal pain persisting, Plaintiff was returned to his cell with instructions for Lindsey to "pound on the cell door" if Plaintiff's situation worsened.

At approximately 9:45 p.m., Plaintiff had yet another episode of passing out.

When Plaintiff regained consciousness, Lt. Hess was in the room, witnessing first-hand the vomit that had accompanied Plaintiff's episode of syncope.

When he was unable to respond properly to questions asked of him, Plaintiff was instructed to stick out his tongue, revealing that it had been bitten in two (2) places during the noted episode.

Lindsey informed the officers that Plaintiff had vomited violently while laying on his back, and that he had to be turned on his side to prevent choking on his vomitus.

At this point, Lt. Hess elected to send Plaintiff to an outside hospital.

To be clear: Plaintiff was not seen, questioned, nor examined by a medical staff member of FCI Englewood prior to his transfer to the hospital, approximately twelve (12) hours after prison officials were alerted to his distress.

When the ambulance arrived, Plaintiff's vital signs were taken by one of the emergency medical technicians, who stated that Plaintiff was not receiving oxygen, Blood Oxygen Saturation $SPO_2$ levels were diminished, causing shortness of breath and wheezing lung sounds.

Plaintiff was rushed to Denver Health Center and was placed on oxygen while in transit.

D: STATEMENT OF CLAIMS            (ii)

The summary of events at Denver Health Center was summed up by medical professionals:

I saw and evaluated Alex Coleman and agreed with findings and plan of care as documented in Dr. Jespersen's not above...The diagnoses under treatment are:

1. Massive pulmonary embolism. Pt presented after episode of sycope; in the ER, he was "submassive" by virtue of stable blood pressures. Overnight in the MICU, he had another sycopal event when attempting to stand, demonstrating severe limitation of cardiac output. This postural, symptomatic Thrombolytics are comparable to catheter-directed systemic (most recent literature with catheters compares to "historical" controls). Pt did not hit his head with 2nd sycopal event (he was being held by nursing and was lowered to the bed); previous CT without lesion. I reviewed the risks and benefits of systemic thrombolysis with the patient and he is amenable to proceed. Will use a full-dose thrombolysis, as I am treating this as massive PE. IVC filter use is controversial in these patients, given the recent PREPIC study that showed no benefit of filters in "high risk" PE patients (that included submassive PE). However, this did not include massive PE patients. Will reassess after system thrombolysis.

2. LE clots. Thrombolysis as above. Will discuss IVC filter as above.

3. GI prophylaxis

Eric Schmidt, MD
Denver Health, Health Information Management
Coleman, Alex, MRN: 20075517, page 14

For the record, Plaintiff did not have a bowel movement from the start of this incident on April 12, 2017 and was not discharged from the hospital until his bowels began functioning properly again, five days later.

Since the occurrence of this incident, Plaintiff has a notable and painful swelling of his left leg that continues to the date of this writing.

Plaintiff is unable to perform strenuous activities for any length of time due to shortness of breath.

Because of the permanent health issues referenced in paragraphs 39 and 40 above, Plaintiff's occupational options are severely limited for the future.

D: STATEMENT OF CLAIMS          (iii)

Plaintiff respectfully asserts that, if he had been evaluted by medical staff immediately upon receiving notice of the events described in paragraphs 14 and 15 above, medical personnel would have noted his severely lowered oxygen saturation levels and would have acted appropriately.

Plaintiff further asserts that, due to the negligence of the medical staff at FCI Englewood, he was subject to more than 12 hours of pain and suffering followed by an extended stay at the hospital.

Lastly, Plaintiff attributes the loss of usage in his legs and shortness of breath to the 12-hour delay in medical care he suffered due to the inaction of the medical staff at FCI Englewood.

It is Plaintiff's claim herin that the Defendant, United States of America, owed him a duty of care when he was placed in custody of the Bureau of Prisons and that the Defendant breached the duty by refusing him medical treatment for more than twelve (12) hours after notified that he was in distress.

Plaintiff further asserts that the Defendant compounded that breach of duty in the failure to provide a follow-up hematology examination as recommended by the attending physician(s) at Denver Health Center.

D: STATEMENT OF CLAIMS        (iv)

E.  PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? XXX Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):  United States of America

Docket number and court:  18-cv-01965-KMT (D. Colo.)

Claims raised:  Medical Negligence

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)  Dismissed without prejudice

Reasons for dismissal, if dismissed:  Lack of Certificate of Review

Result on appeal, if appealed:  Remanded for clerical correction. 10th Cir. App. No. 21-1403

F.  ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

 XXX Yes ___ No (*check one*)

Did you exhaust administrative remedies?

 XXX Yes ___ No (*check one*)  (see Form 95 attached)

5

### G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

The Plaintiff, Alex Coleman, seeks compensation in the sum specific amount of $1,250,000. In doing so, the Plaintiff attributes gross negligence (1) to the medical staff at FCI Englewood in the refusal to provide medical care when obligated to do so, and (2) to the administration of FCI Englewood in the failure to ensure the Plaintiff had adequate medical care while in their custody.

Plaintiff further states that he suffered unnecessary pain and anguish along with permanent physical and mental damage as a result of the negligence of employees of the United States, and that a life-or-death procedure was required to be performed on Plaintiff to save his life.

### H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

9/26/2023
(Date)

(Revised November 2022)

6

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 3-31-91 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| South Central Regional Office<br>U.S. Armed Forces Reserve Complex<br>344 Marine Forces Drive<br>Grand Prairie, TX 75051 | Alex Coleman #28929-009<br>FMC Ft. Worth<br>P.O. Box 15330<br>Ft. Worth, TX 76119 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☐ CIVILIAN | 4. DATE OF BIRTH<br>01-20-77 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>04-12-17 | 7. TIME (A.M. OR P.M.)<br>11:00am |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved; the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Medical malpractice and negligence from medical staff at

F.C.I. Englewood
Federal Detention Center
9595 West Quincy Ave.
Littleton, Colorado 80123

SEE ATTACHMENT

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

NONE

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Negligence of medical staff causing continued dizziness, unconsciousness vomiting and stomach cramps that lead to seizures and a near death experience and to be rushed to the hospital to find out I was suffering from three (3) blood clots.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| SEE ATTACHMENT | F.C.I. Englewood<br>Federal Detention Center<br>9595 West Quincy Ave.<br>littleton, Colorado 80123 |

12. (See instructions on reverse)  AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| NONE | $1,250,000.00 | NONE | $1,250,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *Alex Coleman* (signed) | | 12/14/17 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-108                    NSN 7540-00-634-4046                  STANDARD FORM 95 (Rev. 7-85)
Previous editions not usable.                                    PRESCRIBED BY DEPT. OF JUSTICE
                                                                 28 CFR 14.2



**U.S. Department of Justice**

**Federal Bureau of Prisons**

**South Central Regional Office**

*U.S. Armed Forces Reserve Complex*
*344 Marine Forces Drive*
*Grand Prairie, TX   75051*

JAN 03 2018

Alex Coleman
Register Number 28929-009
Federal Medical Center
Post Office Box 15330
Fort Worth, Texas 76119

Re:  Administrative Tort Claim - TRT-NCR-2018-01503

Mr. Coleman:

This acknowledges receipt of your claim for alleged personal injury. The claim was received by the Federal Bureau of Prisons on December 18, 2017.  A review of the claim indicates that the incident involved an institution in the North Central Region of the Federal Bureau of Prisons.

Your SF95 Claim for Damage, Injury or Death form is being forwarded to Regional Counsel in the North Central Region.  If you should have any questions concerning this matter, please address your inquiry to:

> Regional Counsel
> North Central Region
> Bureau of Prisons
> 400 State Avenue
> Tower II, Suite 800
> Kansas City, Kansas 66101

Sincerely,

Jason A. Sickler
Regional Counsel

JAS/bkv



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*

400 State Avenue
Tower II, Suite 800
Kansas City, KS 66101

01-17-2018


ALEX COLEMAN, #28929-009
FMC FT. WORTH
P.O. BOX 15330
FT. WORTH, TX 76119

    Re: Administrative Claim for Damages
    Claim #:    TRT-NCR-2018-01503      $ 1,250,000.00

Dear Claimant:

    This is to notify you of our receipt of your administrative claim for damages under provisions of the <u>Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq.</u>, alleging liability of the United States Government.

    Your claim was received on 12-18-2017. The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such claim was received by the appropriate agency. Accordingly, in the matter of the above referenced claim, the government's response is not due until 06-17-2018.

    Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

                                              Sincerely,
                                              Richard M. Winter
                                              Regional Counsel



**U.S. Department of Justice**

Federal Bureau of Prisons

North Central Regional Office

---

Office of the Regional Counsel

400 State Avenue
Tower II, Suite 800
Kansas City, KS   66101

MAR 30 2018

Alex Coleman
Register No. 28929-009
FMC Fort Worth
P.O. Box 15330
Fort Worth, TX   76119

Re:   Administrative Claim Number TRT-NCR-2018-01503
      Personal Injury:   $1,250,000.00

**CERTIFIED NUMBER 7016 0910 0000 2694 7349**

Dear Mr. Coleman:

Your above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172, <u>Authority: Federal Tort Claims</u> and 28 C.F.R. Part 14, <u>Administrative Claims Under Federal Tort Claims Act</u>. Investigation of your claim did not reveal you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied. This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, <u>Final Denial of Claim</u>. If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification.

Sincerely,

Richard M. Winter
Regional Counsel

U.S. Clerk of Court
District of Colorado
901 19th Street., Room A105
Denver, CO 80294-3589

September 25, 2023

Re:   Coleman (PS) v. USA, 1:23-cv-01852-SBP

Dear Sir/Madam:

Please find the following documents enclosed:

- One (1) Original: Amended Prisoner Complaint, pursuant to 28 U.S.C. § 2671
- One (1) extra first page of same
- One (1) copy of Court Order (Dkt. No. 8) for clarification

With regards to these documents, the following is being requested of your office:

1.   Please file this pleading with the Court in the above styled case.

2.   Please stamp the extra first pages "filed" and return it to the undersigned in the self-addressed, stamped envelope that has been provided for your convenience.

Thank you for your attention to this request, your assistance is greatly appreciated.

Respectfully,

*Alex Coleman*

Alex Coleman 28929-009 Unit-E
Federal Correctional Institution
P.O. Box 7000
Texarkana, TX 75505

U.S. District Court:cod

Miner Orders/Judgments
1:23-cv-01852-SBP Coleman (PS) v. USA

FBOP Other,JD1,PCR,PS4

## U.S. District Court - District of Colorado

## District of Colorado

### Notice of Electronic Filing

The following transaction was entered on 9/5/2023 at 1:53 PM MDT and filed on 9/5/2023
**Case Name:**        Coleman (PS) v. USA
**Case Number:**      1:23-cv-01852-SBP
**Filer:**
**Document Number:** 8

**Docket Text:**
ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT. If Plaintiff fails to file an amended prisoner complaint within the time allowed, the action may be dismissed without further notice. By Magistrate Judge Susan Prose on 9/5/2023. (Forms mailed as ordered.) (jtorr, )

**1:23-cv-01852-SBP Notice has been electronically mailed to:**

**1:23-cv-01852-SBP Notice has been mailed by the filer to:**

Alex Coleman
#28929-009
TEXARKANA
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 7000
TEXARKANA, TX 75505

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1071006659 [Date=9/5/2023] [FileNumber=9312274-0]
[1650f7328a13b8c14ad085537105a059650ebc4730e8aedffb8cf3ec38c8e857c867
9df90145750cde0336430ed33834abc1f42f3e8321c1a057d38ffaa27d6e]]