IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 23-cv-01852-RMR-KAS

ALEX COLEMAN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment for Untimeliness, ECF No. 45, and Defendant's Motion to Strike Plaintiff's Noncompliant Response to Defendant's Motion for Summary Judgment and to Extend Defendant's Deadline to Reply, ECF No. 51. Plaintiff filed a Response in opposition to Defendant's Motion for Summary Judgment, ECF No. 49. For the following reasons, the Court denies both of Defendant's Motions.

### I.    BACKGROUND

Plaintiff Alex Coleman ("Mr. Coleman") originally filed a complaint against Defendant United States of America (the "Government") on August 2, 2018, under the Federal Tort Claims Act ("FTCA") related to alleged medical negligence.[1] Mr. Coleman's

---

[1] The Court relies on the clearly undisputed material facts found in the parties' summary judgment briefing and the record before it. *See* ECF No. 45 at 2−4; ECF No. 49 at 2−3.

medical negligence claim relates to the medical care he received from Federal Bureau of Prisons ("BOP") medical staff at the Federal Correctional Institution Englewood in Littleton, Colorado ("FCI Englewood") on April 12, 2017. Mr. Coleman alleges that on April 12, 2017, he began to exhibit symptoms of having deep vein thrombosis and a pulmonary embolism but that medical staff at FCI Englewood delayed in sending him to an outside provider for treatment (the "April 12, 2017, incident"). Mr. Coleman alleges that due to the purported delay in receiving medical treatment, he experienced pain and suffering, and still experiences loss of use of his legs and shortness of breath.

On December 14, 2017, Mr. Coleman filed an administrative tort claim (SF-95, No. TRT-NCR-2018-01503) with BOP regarding the April 12, 2017, incident. On March 30, 2018, the BOP denied the SF-95. Mr. Coleman then filed a timely complaint pursuant to the FTCA against the Government on August 2, 2018 ("Case Number 18-cv-01965"). *See Coleman v. United States of America*, No. 18-cv-01965, ECF No. 1 (D. Colo. Aug. 2, 2018). On January 6, 2020, Mr. Coleman was transferred to the Federal Correctional Institution in Talladega, Florida. The District Court dismissed Mr. Coleman's complaint in Case Number 18-cv-01965 without prejudice on January 26, 2021, for his noncompliance with Colo. Rev. Stat. § 13-20-602(1)(a) by failing to file a certificate of review. The Tenth Circuit Court of Appeals affirmed the District Court's dismissal on July 8, 2021. *See Coleman v. United States*, No. 20-1403, 2021 WL 2835473 (10th Cir. July 8, 2021).

In March of 2023, after he had obtained a certificate of review, Mr. Coleman attempted to file an amended complaint in Case Number 18-cv-01965 asserting the same FTCA claim, but the District Court clarified that in order to reassert his medical negligence

2

claim, he needed to file a new case. *See* ECF No. 76. During this time, Mr. Coleman was transferred to the Federal Correctional Institution in Texarkana, Texas.

On July 13, 2023, Mr. Coleman filed the complaint that initiated this lawsuit, asserting the same FTCA claim as in his original lawsuit. He subsequently filed an amended complaint on October 2, 2023. The Government filed a partial motion to dismiss the amended complaint, which raised a jurisdictional exhaustion argument and an alternative argument based on failure to file a certificate of review, as to certain of Mr. Coleman's allegations. That partial motion to dismiss did not argue the affirmative defense of statute of limitations as a basis for dismissal. The Court denied the Government's partial motion to dismiss. The Government then filed an answer and asserted the statute of limitations as an affirmative defense. It subsequently filed the immediate Motion for Summary Judgment based on the two-year statute of limitations under 28 U.S.C. § 2401(b).

## II.  LEGAL STANDARD

To succeed on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine dispute of material fact and (2) the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When analyzing a motion, the court must "look at the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). However, the non-moving party may not simply rest upon its pleadings at this stage; rather, the non-moving party must "set forth specific facts that would be admissible

3

in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

A statute of limitations is an affirmative defense, so the defendant bears the burden of establishing untimeliness. *See Robert L. Kroenlein Trust ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1274 (10th Cir. 2014) ("The statute of limitations is an affirmative defense, so the defendant, as the moving party, bears the burden of demonstrating that there is no material fact in dispute on the issue of whether the statute of limitations bars the claim.") (citations omitted). The plaintiff bears the burden of establishing any exception to the statute of limitations, such as equitable tolling. *See Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015) ("[G]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.") (citations omitted), *overruled on other grounds by United States v. Wong*, 575 U.S. 402 (2015).

### III. ANALYSIS

#### A. FTCA STATUTE OF LIMITATIONS

The Government argues that Mr. Coleman's lawsuit is time-barred because it does not relate back to his original lawsuit (Case Number 18-cv-01965), and, thus, he failed to file his action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." ECF No. 45 at 5−6 (citing 28 U.S.C. § 2401(b)). Mr. Coleman responds that this Court should not grant summary judgment because the statute of limitations in 28 U.S.C. § 2401(b) is non-jurisdictional and should be equitably tolled in this case because he has been diligently

4

pursing his rights and he, like many prisoners, faced extraordinary circumstances in trying to obtain a certificate of review. *See* ECF No. 49 at 5−8.

In *United States v. Wong*, the Supreme Court addressed 28 U.S.C. § 2401(b) of the FTCA which requires a plaintiff to present a tort claim to the appropriate federal agency within 2 years after such claim accrues and to a federal court within 6 months after the federal agency acts on the claim. 575 U.S. at 405−07. The Supreme Court concluded § 2401(b)'s time limits are non-jurisdictional and are subject to equitable tolling. *Id.*[2] This decision was to resolve a circuit split and the Tenth Circuit now follows the Supreme Court precedent. *See Wong*, 575 U.S. at 407 ("We granted certiorari in both cases to resolve a circuit split about whether courts may equitably toll § 2401(b)'s two-year time limits.") (internal citations omitted); *Chance v. Zinke*, 898 F.3d 1025, 1028−34 (10th Cir. 2018); *Mabbett v. C.I.R.*, 610 F. App'x 760, 765 n.7 (10th Cir. 2015) (citing *Wong*, which concluded § 2401(b)'s time limits were non-jurisdictional and subject to equitable tolling as compared to the statute at issue in *Mabbett*, 26 U.S.C. § 6213(a), which includes a clear statement indicating Congress's intent to make its time limits jurisdictional). The Court, therefore, concludes that the time limitations in § 2401(b) are non-jurisdictional and are subject to equitable tolling.

Moreover, while a plaintiff's new lawsuit does not relate back to an original lawsuit, *see, e.g., Knox v. United States*, No. 5:15-cv-198-JMH, 2016 WL 1355046, at *2 (E.D.

---

[2] *Wong* was decided three months *after* the Tenth Circuit case relied on by the Government in its Motion for Summary Judgment—*Barnes v. United States*, 776 F.3d 1134 (10th Cir. 2015)—which contradicts more recent Supreme Court precedent in finding that the statute of limitations under the FTCA was jurisdictional.

5

Ky. Apr. 5, 2016) ("[T]he 'relation back' doctrine does not apply to a separately filed action but rather it applies to an amendment to a pleading in the same action.") (citing *Barnes*, 776 F.3d at 1143), courts have applied a common law test in equity: whether no prejudice would result because the defendant had actual or constructive notice of the original pleading, *see Am. W. Bank Members v. Utah*, No. 2:16-cv-326-CW-EJF, 2018 WL 734401, at *6 (D. Utah Feb. 6, 2018) (citations omitted). "Considering [Federal Rule of Civil Procedure 15(c)] principles, the procedural distinction between a renewed action and an amendment within an action appears inconsequential where the relevant party, present in both proceedings, has actual notice and is not prejudiced." *Id.* (discussing *McClelland v. Deluxe Fin. Servs., Inc.*, 431 F. App'x 718, 723–24 (10th Cir. 2011)).

Here, the defendant, the allegations, and the claim related to the April 12, 2017, incident are the same in this case as in Case Number 18-cv-01965. The Government does not argue prejudice in its Motion for Summary Judgment, nor does the Court believe the Government is prejudiced. Moreover, it is indisputable that the Government had actual notice of Mr. Coleman's claim as of August 2, 2018, when he filed his original lawsuit. Thus, granting the Government's Motion for Summary Judgment and forever barring Mr. Coleman's FTCA claim would result in a windfall for a defendant who had sufficient notice of Mr. Coleman's claim. *See Am. W. Bank Members*, 2018 WL 734401, at *6.

Further, the Court finds sufficient facts here to grant equitable tolling. Once Mr. Coleman appealed the dismissal of the original action, he had no mechanism by which to amend his original pleading. Once he learned this, he diligently pursued his rights by filing this lawsuit and remedying his prior failure to file the necessary certificate of review. In

Colorado, it is true that there is a requirement for a plaintiff to file a certificate of review in support of a FTCA claim, including for pro se prisoners, *see Cestnik v. Fed. Bureau of Prisons*, 84 F. App'x 51, 54 (10th Cir. 2003), but courts have acknowledged the difficulty facing pro se prisoners in obtaining the necessary certificate, *see generally Kikumura v. Osagie*, 461 F.3d 1269, 1298−99 (10th Cir. 2006), *overruled on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *as explained in Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008); *Smith v. Trujillo*, No. 20-cv-00877-RBJ-NYW, 2021 WL 1799400, at *12 (D. Colo. Mar. 26, 2021). It is indisputable in this case that Mr. Coleman has been transferred between federal correctional facilities twice since he filed his original complaint and that he was denied a request for appointment of counsel as he was "unaware of what a certificate of review is" in his original lawsuit (ECF No. 18).[3] The Court finds it too harsh a penalty to grant summary judgment and forever bar Mr. Coleman's claim in this case.

### B. THE GOVERNMENT'S MOTION TO STRIKE

Instead of filing a reply brief in support of its Motion for Summary Judgment, the Government filed a Motion to Strike Plaintiff's Noncompliant Response to Defendant's Motion for Summary Judgment and to Extend Defendant's Deadline to Reply, ECF No. 51. The Government disputes when Mr. Coleman allegedly received a copy of its Motion

---

[3] Even if this Court were to reject Mr. Coleman's assertion that the law libraries at both of the federal correctional "institutions in Talledega and Texarkana listed very few attorneys (mostly college student law departments at various colleges) and no doctors," ECF No. 49 at 7, which the Government has challenged as an unsupported assertion, ECF No. 51 at 4, the Court finds sufficient dispute as to the challenges faced by Mr. Coleman and pro se prisoners generally in obtaining a certificate of review to deny summary judgment.

for Summary Judgment, but does not argue that his Response was untimely. *See* ECF No. 51 at 2−3. However, the Government does argue that Mr. Coleman's Response fails to comply with the Court's Uniform Civil Practice Standards governing the proper form and structure for a response to a motion for summary judgment. *Id.* at 1, 3−5 (citing RMR Civ. Practice Standard 7.1D). The Government requests that the Court strike Plaintiff's Response to Motion for Summary Judgment, ECF No. 49, grant Mr. Coleman leave to refile a conforming response within two weeks, and then extend the Government's deadline to reply within two weeks after the response is filed. *See* ECF No. 51 at 5−6.

Given the Court's summary judgment ruling in this Order, in its discretion, it waives strict compliance with its Uniform Civil Practice Standards with respect to Mr. Coleman's Response in opposition to the Government's Motion for Summary Judgment and accepts the Response as filed, finding that it would be a waste of time and resources to require a re-submitted response. The Court finds there is no prejudice to the Government if it accepts Mr. Coleman's Response as filed (nor does the Government even assert prejudice in its Motion to Strike, *see generally* ECF No. 51) and concludes that it would come to its decision denying the Government's Motion for Summary Judgment without the need for a reply brief from the Government.

Further, even if this Court were to only accept the undisputed facts put forth by the Government in its Motion for Summary Judgment and the indisputable record of the original proceeding and this case, without accepting as true Mr. Coleman's additional

8

facts put forth in his Response without supporting evidence,[4] there are still sufficient grounds to deny the Government's Motion for Summary Judgment, as explained in Analysis Section III.A. above.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Defendant's Motion for Summary Judgment for Untimeliness, ECF No. 45, is DENIED. It is

FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Noncompliant Response to Defendant's Motion for Summary Judgment and to Extend Defendant's Deadline to Reply, ECF No. 51, is DENIED.

DATED: September 4, 2025

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge

---

[4] The Court acknowledges that while it must "look at the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party," *Crum*, 439 F.3d at 1230, by not giving the Government the chance to file a reply disputing the additional facts submitted by Mr. Coleman, it would be the fairest to ignore the additional facts put forth by Mr. Coleman in his response. Even so, the Court would come to the same conclusion denying the Government's Motion for Summary Judgment.